*1358 On Rehearing.
Two of the creditors, viz.: E. M. Boagui and Richard Keough, apply for a rehearing.
With reference to E. M. Boagni the rehearing is refused.
Respecting Richard Keough there is error that we must correct.
The principle is clearly announced in a number of cases:
In insolvent proceedings, in the distribution on the tableau of the syndic, each creditor who thinks himself aggrieved-must appeal in order to have the judgment amended.
In Ferguson & Hall et al. vs. Their Creditors, 19 L. 278, the plaintiff did not appeal from a judgment which reduced the amount of his claim on the tableau. The judgment remained without amendment.
In Kohn vs. Wagner, 1 R. 276, the creditors acquiesced by not appealing.
In Pandelly vs. His Creditors, 1 An. 24, the mortgage creditors not having appealed no amendment was made, on the ground that they alone had the right of appeal.
The creditor alone can appeal when his claim is rejected, in whole or in part, by the court-of the first instance; if he does not appeal he is held to have acquiesced, and is without remedy on appeal, save in those cases hereafter mentioned.
The claim of each creditor is merged into the judgment of homologation, and to the extent of his interest the judgment is his individual property. Girod vs. His Creditors, 2 An. 548; Beer & Co. vs. Their Creditors, 12 An. 774.
When an appeal is taken by any one in interest, and the judgment of the individual creditor is assailed, the creditor whose judgment is assailed has the right to answer the appeal and bring up all issue passed upon by the lower court.
It is a condition precedent to hearing him on appeal.
In fine, unless he has appealed or his claim is assailed by the appellant, he can not be appellee with the right to have his claim increased in an amount larger than the amount allowed by the syndic in his tableau.
Applying this rule, the application of which we can not escape, under well established jurisprudence on that point, Richard Keough is not an appellee.-
He has not appealed.
*1359 The appellants have not assailed his judgment.
No demand whatever is made assailing the judgment approving and recognizing his claim; all parties, those who have not and those who have appealed, virtually pray that the judgment of this opponent be affirmed.
Judge Martin, in Abat vs. Nartigue, 8 L. 192, for the court said, substantially, that claimants whose demands were severally and separately passed upon'by the judgment could not be heard on appeal, unless they were appellants.
In a number of appeals since, it has been decided that judgments could not be amended between co-appellees. These creditors are co-appellees; they accept the judgment save one of their number. He is without right, as a co-appellee, to have a judgment amended affecting their interest. The increase of the claim can not be allowed and paid without a corresponding deduction from the judgments of the appellees who have acquiesced.
.In appellant’s brief he directs attention to the difference between the claim of another creditor and the amount allowed Keough, and •asked for its reduction to the amount of wages allowed the latter. We thought, and still think, that it was just to increase the claim of one to one dollar and fifty cents, as in the judgment, and to reduce the amount of the other to one dollar and fifty cents.
Bailey, the other creditor, is a party to the appeal; Keough is not; we, in consequence, can reduce the claim of one of the parties, but we can not touch the claim of the other, not being an appellant.
The rules of pleading are as binding as any part of the law.
Our desire to adjust these claims must yield to the plain letter of the law.
The error can be corrected without granting a rehearing.
It is therefore ordered, adjudged and decreed, that our previous decree increasing Keough’s demand to one dollar and fifty cents per day be, as to that demand, annulled, and that the judgment remain undisturbed fixing the amount due him at one dollar a day.
This amendment being made, applications for a rehearing are refused.